**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| ELZOD KARIMOV,<br><br>Petitioner,<br><br>v.<br><br>JASON JOHNSON, in his official capacity as Sheriff of the Greene County Jail, *et al.*,<br><br>Respondents.[1] | ) | No. 26-03633-CV-S-BP |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner has been detained by the Department of Homeland Security ("DHS") even though he (1) had been released on parole and (2) has not violated the conditions of his release. Pending is his Petition for Writ of Habeas Corpus, in which he argues the Due Process Clause requires that he be released or, alternatively, that he be granted a bond hearing. As discussed more fully below, the Court concludes the Petition should be **GRANTED** and Petitioner should be released from custody.

## I. BACKGROUND

Petitioner alleges (and Respondents do not dispute) the following facts. Petitioner is a native of Tajikistan and a citizen of Russia who entered the United States in August 2023 and presented himself for inspection, at which point he requested asylum. (Doc. 1, ¶¶ 2-4, 35.) U.S. Customs and Border Protection paroled him into the United States instead of detaining him. (*E.g.*, Doc. 1, ¶¶ 5-7, 35.) He has attended all hearings he has been required to attend, has complied with

[1] While Petitioner is being held pursuant to the authority of federal officials, he is in the physical custody of the Warden of the Greene County (Missouri) Jail. The Court substitutes Jason Johnson, the current Sheriff of Greene County, in the place of "Warden, Greene County Jail" as a Respondent. However, through the remainder of this Order, the term "Respondents" refers to the federal officials under whose authority Petitioner's detention has been effectuated and does not include Jason Johnson.

all other conditions of release, and currently has an asylum application pending. (*E.g.*, Doc. 1, ¶¶ 3, 5, 30, 33.) And, while released on parole, he has "buil[t] substantial ties" in this country, including through employment (which was authorized by U.S. Citizenship and Immigration Services). (Doc. 1, ¶¶ 8.)

In September 2026, Petitioner was pulled over by agents from Immigration and Custom Enforcement and taken into custody. (Doc 1, ¶¶ 9.) There has been no argument or suggestion that he had violated the terms of his release or that his parole has been terminated, (*see* Doc. 1, ¶¶ 10-12, 20, 25); he has nonetheless been detained since he was taken into custody and has not been considered for release because the Department of Homeland Security and the Executive Office for Immigration Review now takes the position that Petitioner's detention is mandatory pursuant to 8 U.S.C. § 1225. This prompted Petitioner to seek habeas relief. Respondents argue that Petitioner is not entitled to relief and the Court resolves the parties' arguments, as necessary, below.

## II. DISCUSSION

As stated above, Petitioner was allowed to enter the country under a grant of parole. Once parole is granted, there are some circumstances in which termination is automatic, *see* 8 C.F.R. § 212.5(e)(1), but Respondents do not claim any of those circumstances are present here. In all other cases, parole may "be terminated *upon written notice* to the alien and he or she shall be restored to the status that he or she had at the time of parole." *Id.* § 212(e)(2)(i) (emphasis supplied). Without written notice, termination is ineffective. *E.g.*, *L.M. v. Noem*, 2026 WL 1032231, at *9 (D. Nev. Jan. 14, 2026); *Dadfar v. Arnott*, 2025 WL 3452372, at *2-3, 5 (W.D. Mo. Dec. 1, 2025). And, as the statute and regulation specify, parole cannot be revoked unless the Secretary first determines that "the purposes for which parole was authorized" have been accomplished or that "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United

States." 8 C.F.R. § 212.5(e)(2)(i); *see also Doe v. U.S. Dep't of Homeland Sec.*, 2026 WL 880442, at *11 (D. Mass. Mar. 31, 2026).

But Petitioner was not provided notice of any kind, much less notice that complies with § 212.5. Respondents emphasize that the Secretary has broad discretion to determine whether parole should be terminated and further argue that judicial review of such decisions is not permitted. *See* 8 U.S.C. § 1226(e). But Petitioner is not challenging a discretionary decision about *whether* to grant or revoke parole. Instead, he argues Respondents have not followed the procedure necessary to revoke his parole, so detaining him does not comply with the relevant statute and regulations. And while Respondents challenge the Court's authority to review the Secretary of DHS's decisions, they do not challenge the Court's authority to grant relief if the Secretary of DHS did not make a decision or did not otherwise comply with § 212.5(e)(2)(i). In fact, their response to the Petition does not mention § 212.5 at all.[2]

Respondents do not represent that the Secretary of DHS has made the determination necessary to justify revoking Petitioner's parole. They also do not identify any notice of the determination that was provided in writing to Petitioner. Therefore, Petitioner's parole was not revoked in manner that complies with the INA or its regulations, *e.g.*, *Castillo v. Facility Admin'r. Desert View Annex*, 2026 WL 837149, at *2-3 (C.D. Cal. Mar. 23, 2026); *Kirboga v. LaRose*, 2025 WL 3779426, at *9-10 (S.D. Cal. Dec. 31, 2025); *Dadfar v. Arnott*, 2025 WL 3452372, at *2-3, 5 (W.D. Mo. Dec. 1, 2025); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1144 (D. Or. 2025), and he is entitled to be released.

---

[2] Respondents point to a different regulation which states that an inadmissible alien's release can be revoked if "the conduct of the alien, *or any other circumstance*, indicates that release would no longer be appropriate." (Doc. 7, p. 10 (quoting 8 C.F.R. § 241.4(l)(2) (emphasis supplied)).) Assuming that § 241 applies, Respondents have not explained what circumstance justifies revocation of Petitioner's parole. More importantly, they do not contend they have complied with the procedures set forth in §§ 212.5 or 241.4.

## III. CONCLUSION

The Petition for Writ of Habeas Corpus is **GRANTED**. Respondents are **ORDERED** to release Petitioner forthwith. Respondents are also **ORDERED** to return any property (including documents) taken from Petitioner to him or to his attorney within seven (7) calendar days.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT

**DATE**: November 18, 2026